### STATE *vs.* RICHARD BURKE.

That A. employs B. in a legal business during the week does not of itself make A. liable for B.'s illegal acts on Sunday.

EXCEPTIONS to the Court of Common Pleas.

*Providence, May* 25, 1886. PER CURIAM. The defendant is

charged with maintaining a common nuisance. To support the charge, evidence was introduced of sales of liquor by the defendant's son on Sunday. The court instructed the jury as follows: The presumption of law is, that his son, being in his place of business, acting for him on week days, is his agent, and he would be liable for his acts. This implies that the defendant is liable for the acts on Sunday of an agent employed by him on week days, without proof of knowledge on the part of the defendant of the unlawful acts on Sunday, and without proof of authority, either express or to be inferred from the testimony in the case, that the agent might act for him on Sunday. We think that this was error.                                    *Exceptions sustained.*

*Samuel P. Colt,* Attorney-General, for plaintiff.

*Charles E. Gorman & William P. Sheffield, Jun.,* for defendant.